UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **OLGA SHATOKHINA, et al.,**        )<br>                                                            )<br>   **Plaintiffs,**                               )<br>                                                            )<br>        v.                                              )<br>                                                            )<br> **MARCO RUBIO,**                        )<br> *in his official capacity as U.S. Secretary of State,* )<br> **et al.,**                                           )<br>                                                            )<br>   **Defendants.**                            )<br>                                                            ) | Case No. 25-cv-00353 (APM) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Olga Shatokhina and Anton Shatokhin are citizens of Russia and applicants for EB-2 "National Interest Waiver" immigrant visas for persons holding advanced degrees or of exceptional ability. Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 2, 18–19, 28, 55–56. According to Plaintiffs, on November 9, 2023, they appeared for an interview at the U.S. Embassy in Vienna, Austria, during which a consular officer refused their applications and provided them an Immigration and National Act § 221(g) notice, which indicated that upon receipt of Shatokhin's "CV or resume and a list of any publications" "we can restart the processing of your application." *Id.* ¶¶ 59–60; Compl., Ex. D., ECF No. 1-5. The notice further stated that "If you fail to take the actions requested within one year of the 221(g) decision, your application will expire." *Id.* Shatokhin submitted his CV and diploma the next day. Compl. ¶ 60. Notwithstanding Plaintiffs' compliance, their applications remained "refused" 14 months later, as of the date they filed suit. *Id.* ¶ 61. Contending that Defendants' failure to act constitutes a violation of law, *id.* ¶¶ 101–153,

Plaintiffs ask the court to compel agency action pursuant to the Administrative Procedure Act (APA) and to issue a writ of mandamus.

Defendants move to dismiss on two grounds. In a now familiar, near boiler-plate motion, Defendants contend that: (1) the D.C. Circuit's opinion in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), incontrovertibly holds that a consular officer has no duty to act on a visa application held in administrative processing, and (2) Plaintiffs' claims are barred by the doctrine of consular nonreviewability. *See* Defs.' Mot. to Dismiss, ECF No. 6 [hereinafter Defs.' Mot.], at 4–12.

As to the first ground, the court does not read *Karimova* so broadly. *Karimova* held only that "Section 555(b) [of the APA]—and *only* Section 555(b)" does not place a "clear, non-discretionary duty" on a consular officer to "re-adjudicate [an] already-refused application." 2024 WL 3517852, at *3. It offered no opinion as to whether any other source of law creates a such a nondiscretionary duty. *Cf. Nikjooy v. Rubio*, No. 24-cv-1989 (LLA), 2025 WL 2634440, at *6–8 (D.D.C. Sept. 12, 2025). Plaintiffs here rely on § 555(b), *see* Compl. ¶¶ 89, 142, but not exclusively like the plaintiff in *Karimova*. They also assert that, among other sources of law,[1] 22 C.F.R. § 42.81(e) requires a consular officer to act on their corrected applications. *See id.* ¶ 124. That section provides: "If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered." 22 C.F.R. § 42.81(e). At least one Circuit court has held that "§ 42.81(e) by its plain terms imposes a nondiscretionary, ministerial duty to reconsider the denial of a visa application when the applicant adduces further evidence tending to overcome the ground of ineligibility." *Rivas v. Napolitano*, 714 F.3d 1108, 1111 (9th Cir. 2013);

---

[1] Plaintiffs also cite 8 U.S.C. § 1202(b); 22 C.F.R. §§ 42.62(a) & (b), 42.81(a); and 9 FAM 504.11-3(B)(2). Compl. ¶¶ 123–125.

2

*accord Makttoof v. Rubio*, No. 24-cv-1344 (JDB), 2025 WL 928706, at *4–5 (D.D.C. Mar. 27, 2025). *But see Moradi v. Rubio*, No. 24-cv-2902 (GMH), 2025 WL 1865110, at *11 (D.D.C. July 7, 2025) (holding that § 42.81(e) does not impose a nondiscretionary duty to reconsider). Defendants do not, however, grapple with § 42.81(e) or *Rivas*. *See* Defs.' Reply in Further Support of Defs.' Mot., ECF No. 9, at 9–10 (addressing 8 U.S.C. § 1202(b) and 22 C.F.R. § 42.81(a) as sources of a nondiscretionary duty but not § 42.81(e)). So, even if *Karimova* disposes of § 555 of the APA as the basis for a discrete legal duty, Defendants' failure to challenge § 42.81(e) means that dismissal based on the lack of a discrete legal duty is not warranted.

As to the defense of consular nonreviewability, courts in this District repeatedly have held that inaction on a visa application designated for further processing is not shielded from review under that doctrine.[2] *See, e.g.*, *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11 (D.D.C. 2022); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry*, 168 F. Supp. 3d 268, 292 (D.D.C. 2016). And *Karimova* did not clearly rule on the applicability of consular nonreviewability to visa applications in such status. *See Karimova*, 2024 WL 3517852, at *6; *Thein v. Trump*, No. 25-cv-2369 (SLS), 2025 WL 2418402, at *8–10 (D.D.C. Aug. 21, 2025).

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 6, is denied.

Dated: October 22, 2025

Amit P. Mehta
United States District Judge

---

[2] It is unclear whether Plaintiffs' applications remain in "administrative processing." The § 221(g) notice that they received on the day of their interview indicates that they needed to provide "additional supplemental information." Compl., Ex. D. The box for "additional administrative processing" on the notice was not checked. *Id.* On the other hand, in a response to Plaintiffs' status inquiry, the Immigration Visa Unit of the Embassy in Vienna indicated that "your visa case is currently under administrative processing[.]" Compl., Ex. F, ECF No. 1-7.